IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J. KIRBY VIEIRA,

    Plaintiff,

       v.

CITIGROUP, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-1636-TWT

## ORDER

This is an action for wrongful foreclosure.  It is before the Court for jurisdictional review in light of the allegations of fraudulent joinder in the Notice of Removal.  The action is also before the Court on Defendant Pendergast's Motion to Dismiss [Doc. 7] and Defendant Pendergast's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 24].  For the reasons set forth below, Defendant Worthmoore Realty, LLC is DISMISSED from the action, and Pendergast's Motion to Dismiss [Doc. 7] and Motion to Dismiss Plaintiff's Amended Complaint [Doc. 24] are GRANTED.

## I. Background

This dispute arises from property located at 3623 Cochise Dr., NW, Cobb County, Atlanta, Georgia 30339 (the "Property").  The Plaintiff purchased the Property on April 28, 2006, after obtaining a mortgage from Primary Capital

Advisors, LC.  (Compl. ¶¶ 24-31).[1]  At closing, the Plaintiff executed a promissory note in the amount of $1,473,500.  (Compl. ¶¶ 26, 28).  At the same time, the Plaintiff executed and delivered a security deed (the "Security Deed") to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Primary Capital.  (Compl. ¶¶ 29-31; Ex. C).  The Security Deed was duly recorded.  (Compl. Ex. C). On July 21, 2011, MERS assigned its interest in the Property to Defendant CitiMortgage, Inc. (Compl. ¶ 50).  In February 2012, CitiMortgage instituted a non-judicial foreclosure of the Property.  (Compl. ¶ 52).  Defendant Pendergast & Associates, P.C., a law firm, represented CitiMortgage in connection with the foreclosure.  (Compl. ¶ 20).

The Plaintiff filed a complaint on April 9, 2012, in Cobb County Superior Court against CitiGroup, Inc., CitiMortgage, MERS, Pendergast, and Worthmoore Realty, LLC.  The complaint was removed to this Court on May 9, 2012. [Doc. 1].  The Plaintiff filed an emergency motion for a temporary restraining order on May 9 and then withdrew the motion on May 16. [Docs. 3, 6].  Pendergast filed a motion to

---

[1]The Plaintiff's initial complaint was amended with supplements to 28 paragraphs in the initial complaint. [Doc. 14].  In this Order, citations to the complaint refer to the complaint as amended.

dismiss on May 16, 2012, the Plaintiff amended his complaint on October 5, 2012, and Pendergast filed a renewed motion to dismiss on October 17, 2012.[2]

The complaint sets forth seven causes of action.  The first cause of action requests a declaratory judgment that the foreclosure initiated by Defendant CitiMortgage was unlawful.  (Compl. ¶¶ 81-85).  The second seeks injunctive relief preventing the Defendants from continuing foreclosure activities.  (Id. ¶¶ 86-90).  The third cause of action seeks cancellation of the allegedly fraudulent assignment from MERS to CitiMortgage.  (Id. ¶¶ 91-99).  The fourth cause of action is for slander of title following the allegedly unlawful foreclosure listings.  (Id. ¶¶ 100-106).  The fifth cause of action seeks to quiet title, and the sixth alleges wrongful attempted foreclosure.  (Id. ¶¶ 107-121).  The seventh cause of action alleges negligence "with respect to all issues related to the Note and the Security Deed."  (Id. ¶¶ 122-129).

Defendant Pendergast has filed a motion to dismiss under Rule 12(b)(6).  (See Def. Pendergast's Br. in Supp. of Def. Pendergast's Mot. to Dismiss, at 1).  However, before the Court can address the motion to dismiss, it is obligated to inquire into its own jurisdiction.  Defendants CitiMortgage, Inc., CitiGroup, Inc., and MERS removed

---

[2]Defendants CitiGroup, Inc., CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc. filed a motion for summary judgment on September 26, 2012 [Doc. 22].  The Plaintiff filed a cross motion for summary judgment on October 17, 2012 [Doc. 26].  These motions are not the subject of this Order.

this case from the Cobb County Superior Court on May 9, 2012 [Doc. 1].  The Defendants alleged diversity jurisdiction because they contended the two resident Defendants, Pendergast and Worthmoore Realty, were fraudulently joined by the Plaintiff in order to prevent removal.  (See Notice of Removal, at 6-15).  The Plaintiff did not file a motion to remand and has not otherwise responded to the allegations of fraudulent joinder.  The Court concludes that both Worthmoore and Pendergast were fraudulently joined and should be dismissed from the action.

## II.  Applicable Legal Standard

In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.  Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998); Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). The burden of establishing fraudulent joinder is a heavy one.  Id.  Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper, and the case should be remanded to state court. Id. Indeed, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court. Crowe, 113 F.3d

at 1538.   In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor.  <u>Pacheco de Perez</u>, 139 F.3d at 1380.

III.  <u>Discussion</u>

A.  <u>Defendant Worthmoore Realty, LLC</u>

Here, despite the high standard, the Court concludes that Defendant Worthmoore was fraudulently joined.  First, it is not entirely clear that the Plaintiff is actively pursuing a claim against Worthmoore.  Worthmoore has not entered any filings on the docket and does not have an attorney listed, yet the Plaintiff has not moved for default.  Pendergast argues in its motion to dismiss that it has never had any professional relationship with Worthmoore, and the Plaintiff does not address this argument in his responsive brief.  (<u>See</u> Def. Pendergast's Br. in Supp. of Mot. to Dismiss, at 19; Pl.'s Resp. in Opp. to Def. Pendergast's Mot. to Dismiss).  Second, the complaint is almost completely devoid of substantive allegations against Worthmoore.  The complaint includes Worthmoore in the caption and lists Worthmoore as a party.  (Compl. ¶ 6).   The *only* other mention of Worthmoore is an allegation that "Pendergast employed Worthmoore Realty to place signage in furtherance of the 'debt collection' process upon the subject property." (Compl. ¶ 20).  This single statement is insufficient to establish a colorable claim against Worthmoore.  Further, the

Plaintiff's conclusory allegations that the "Defendants" are liable or responsible do not provide sufficient facts to state a claim against Worthmoore.  (See, e.g., Compl. ¶ 124 ("Defendants committed tortious and unconscionable acts towards Plaintiff, continuing up to the present time."); RDT Living Trust v. CitiMortgage, Inc., No. 1:10-cv-3784-WSD, slip op. at 5 (N.D. Ga. Mar. 29, 2011) (concluding that defendant was fraudulently joined when plaintiff's allegations against the defendant were only "vague, non-specific allegations" that all defendants were acting in concert).  When the Plaintiff has not provided enough facts to even dispute the Defendants' claims of fraudulent joinder, the Court cannot resolve uncertainties in the Plaintiff's favor. See Legg v. Wyeth, 428 F.3d 1317, 1323 (11th Cir. 2005) ("[T]here must be some question of fact before the district court can resolve that fact in the plaintiff's favor."). Based on the pleadings, there is no possibility that the Plaintiff could establish a cause of action against Defendant Worthmoore.  See Brown v. Allstate Ins. Co., 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (concluding that defendants were fraudulently joined when there were no material allegations made against them).  Accordingly, the Court concludes that Defendant Worthmoore was fraudulently joined and should be dismissed from the action.

B.  Defendant Pendergast & Associates, P.C.

Pendergast has filed a motion to dismiss under 12(b)(6).  Before the Court can consider a motion to dismiss on the merits, it must inquire into its own jurisdiction. For the reasons set forth below, the Court concludes that the Plaintiff cannot establish a claim against Pendergast under any of the causes of action enumerated in the complaint.

1.  The Assignment From MERS to CitiMortgage

The Plaintiff's factual allegations focus upon the assignment of the Security Deed from MERS to CitiMortgage on July 21, 2011.  The Plaintiff argues that the assignment was fraudulent and that this rendered the Defendants' subsequent conduct unlawful.  Unfortunately for the Plaintiff, the documents the Plaintiff executed as well as the precedent in this district indicate that the assignment from MERS to CitiMortgage was not fraudulent.[3]

The language in the Security Deed specifically authorized the assignment from MERS to CitiMortgage.  The deed states:

---

[3]Several courts have held that plaintiffs in this situation do not have standing to challenge the assignment because they were a third party to the assignment.  See, e.g., Woodberry v. Bank of America, N.A., No. 1:11-cv-3637-TWT, 2012 WL 113658 (N.D. Ga. Jan. 12, 2012).  Because the Court concludes that the assignment at issue was valid, it need not determine whether the Plaintiff here has standing to challenge the assignment.

Borrower does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the [Property]. ... Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property.

(Compl. Ex. C, at 3). The Security Deed unequivocally permits MERS to assign its interest in the Property. See id. ("to the successors and *assigns* of MERS") (emphasis supplied); Gordon v. South Cent. Farm Credit, ACA, 213 Ga. App. 816, 817 (1994) ("[I]t is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies.") (quoting Druid Assoc. v. Nat'l Income Realty Trust, 210 Ga. App. 684, 685 (1993)). There is nothing in the Security Deed or the other transaction documents to suggest that the assignment from MERS to CitiMortgage was invalid or even impermissible.

In Crutcher v. CitiMortgage, Inc., No. 1:12-cv-00455-JOF (N.D. Ga. Sep. 20, 2012), the court concluded that a similar assignment from MERS to CitiMortgage was valid. The Court noted that the security deed at issue stated "that MERS is a 'grantee' and nominee for the 'Lender and Lender's successors and assigns.'" Id., slip op. at 13. Likewise, the deed stated that "MERS has the power of sale and the right to exercise any or all of Lender's and Lender's successors and assigns' interests,

including, but not limited to, the right to foreclose and sell the Property." Id. (internal quotation marks omitted).  This language is nearly identical to the language in the Security Deed here.  (See Compl. Ex. C, at 3).  Accordingly, the weight of authority in this district suggests that the assignment from MERS to CitiMortgage is valid.

This holding is in line with numerous other cases addressing the Plaintiff's arguments with respect to assignments from MERS.  See, e.g., Woodberry v. Bank of America, N.A., No. 1:11-cv-3637-TWT, 2012 WL 113658 (N.D. Ga. Jan. 12, 2012); LaCosta v. McCalla Raymer, LLC, No. 1:10-cv-1171, 2011 WL 166902 (N.D. Ga. Jan. 18, 2011); Nicholson v. OneWest Bank, No. 1:10-cv-0795, 2010 WL 2732325 (N.D. Ga. Apr. 20, 2010) (report and recommendation).  Indeed, the Plaintiff has not provided and the Court has not located any case holding that an assignment from MERS based on what is apparently standard language in its security deeds was fraudulent.  The Court concludes the assignment was not fraudulent.  Accordingly, there is no possibility that the Plaintiff can establish a cause of action against Pendergast seeking the cancellation of a fraudulent assignment.

### 2. Declaratory Judgment

The first cause of action for a declaratory judgment appears to have no allegations associated with Defendant Pendergast.  (See Compl. ¶¶ 81-85).

Accordingly, there is no possibility that the Plaintiff can establish a cause of action for a declaratory judgment against Pendergast.

        3.  <u>Injunctive Relief</u>

The Plaintiff seeks injunctive relief in the form of temporary and permanent injunctions to prevent the Defendants from continuing the foreclosure process.  To prevail on the motion for preliminary injunction, the Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the injury to the movant outweighs the injury to the nonmoving party; and (4) that the injunction is in the public interest. <u>Cuban American Bar Ass'n v. Christopher</u>, 43 F.3d 1412, 1414 (11th Cir.), <u>cert. denied</u>, 115 S. Ct. 2578 (1995).  A preliminary injunction is an extraordinary and drastic remedy not to be granted until the movant clearly carries the burden of persuasion as to the four prerequisites.

Here, as noted above, the assignment from MERS to CitiMortgage was not fraudulent.  Many of the Plaintiff's claims rely on the Plaintiff's allegation that the assignment was fraudulent.  Therefore, the Plaintiff has not shown a substantial likelihood of success on the merits because the Court has rejected his primary contention – that the assignment was invalid.  Accordingly, the Plaintiff cannot

possibly establish a claim against Defendant Pendergast with respect to injunctive relief.

4. <u>The Plaintiff's Claim for Slander of Title</u>

The Plaintiff contends that the Defendants slandered the title to the Property by publishing the notice of foreclosure sale despite the allegedly fraudulent assignment. To state a claim for slander of title, a plaintiff must allege: (1) publishing of slanderous words; (2) that such words were false; (3) that the plaintiff sustained special damages; and (4) that the plaintiff possessed an estate in the property slandered. <u>Joseph v. Federal Home Loan Mortg. Corp.</u>, No. 1:12-CV-01022-RWS, 2012 U.S. Dist. LEXIS 159355, at *20 (N.D. Ga. Nov. 5, 2012) (citing <u>Latson v. Boaz</u>, 278 Ga. 113 (2004)).

Here, the Plaintiff has not pled sufficient facts to state a colorable claim for slander of title.  Although the complaint states that Pendergast published the foreclosure notice letter, prepared a notice of default, notice of sale, and notice of acceleration, and placed notices of sale of the Property in the *Marietta Daily Journal*, (Compl. ¶¶ 68, 112, 114), these allegations do not indicate that the words published were false, let alone that the Plaintiff sustained special damages.  Because the Court has concluded the assignment from MERS to CitiMortgage was valid, and because the Plaintiff has failed to plead any facts suggesting that Pendergast's publications

associated with its representation of CitiMortgage were otherwise false, the Plaintiff cannot establish a cause of action against Pendergast for slander of title.

### 5. The Plaintiff's Claim for Wrongful Attempted Foreclosure

To show wrongful attempted foreclosure, the Plaintiff must establish "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." Aetna Finance Co. v. Culpepper, 171 Ga. App. 315, 319 (1984). As discussed above, because the assignment from MERS to CitiMortgage was valid, there is no indication that Pendergast published false information, let alone that it published false information knowingly and intentionally.  The Plaintiff's allegations against Pendergast only state that Pendergast prepared foreclosure documents and published a notice of foreclosure.  (See Compl. ¶¶ 68, 112-115).  Indeed, the Plaintiff has not pled any facts suggesting that Pendergast – in representing its client, CitiMortgage – knowingly or intentionally published any untrue information. Accordingly, there is no possibility that the Plaintiff can establish a claim against Pendergast for wrongful attempted foreclosure.

### 6. The Plaintiff's Claim to Quiet Title

There is no indication from the Plaintiff's complaint, the amendments to the Plaintiff's complaint, or from the Plaintiff's responsive briefs that Pendergast is

implicated in any way in the Plaintiff's claim to quiet title.  Accordingly, the Court concludes that the Plaintiff has not stated a colorable claim against Pendergast to quiet title.

    7. <u>The Plaintiff's Claims of Wrongful Foreclosure and Negligence, and for Expenses of Litigation</u>

  The Plaintiff's claims against Pendergast for wrongful foreclosure and negligence are not colorable claims that a state court would even consider because the Plaintiff has not shown that Pendergast owed him a duty.  "[A] plaintiff asserting a claim of wrongful foreclosure [must] establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages."  <u>Brown v. Federal Nat'l Mort. Ass'n</u>, No. 10-CV-03289, 2011 U.S. Dist. LEXIS 31478, at *16 (N.D. Ga. Feb. 28, 2011) (quoting <u>Gregorakos v. Wells Fargo Nat'l Ass'n</u>, 285 Ga. App. 744, 747-48 (2007)).  Here, Pendergast is not the foreclosing party, CitiMortgage is.  The Plaintiff's complaint even recognizes this by alleging that Pendergast "prepared a foreclosure notice letter, on behalf of CitiMortgage."  (Compl. ¶ 113).  The Plaintiff has not alleged any duty owed to him by Pendergast, and typically a law firm owes no duty to its clients' adversary.  <u>See</u> <u>McKenna Long & Aldridge, LLP v. Keller</u>, 267 Ga. App. 171 (2004).  Accordingly, there is no possibility that the Plaintiff can establish a claim against Pendergast for wrongful foreclosure.

Likewise, the claims against Pendergast for negligence are not colorable because the Plaintiff has not shown that Pendergast owed him a duty.  To state a cause of action for negligence under Georgia law, the plaintiff must prove the following: (1) a legal duty to conform to a standard of conduct; (2) a breach of that duty; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage resulting from the alleged breach of duty.  Dawkins v. Doe, 263 Ga. App. 737, 738 (2003).  Here, as discussed, the Plaintiff has not shown that Pendergast owed him any duty.  In the absence of such a showing, the Court concludes Pendergast owed no duty to the Plaintiff.  See McCarter v. Bankers Trust Co., 247 Ga. App. 129, 132 (2000) (concluding that law firm for lender had no duty to mortgagor when lender had right to foreclose).  Accordingly, the Court concludes the Plaintiff cannot establish a claim against Defendant Pendergast for negligence.

"Reviewing the lawsuit as a whole, it is clear that the Plaintiff['s] dispute is with CitiMortgage and MERS, not Pendergast."  RDT Living Trust, No.1:10-cv-3784-WSD, slip op. at 5.  The Court concludes that the Plaintiff cannot sustain any colorable claims against Defendant Pendergast.  Accordingly, the Court concludes that Pendergast was fraudulently joined in order to defeat diversity jurisdiction and should be dismissed.

## IV.  Conclusion

For the reasons set forth above, Pendergast's Motion to Dismiss [Doc. 7] and

Motion to Dismiss Plaintiff's Amended Complaint [Doc. 24] are GRANTED.

Additionally, Defendant Worthmoore Realty, LLC is DISMISSED.

SO ORDERED, this 11 day of December, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge